UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Jin Tiong Electrical Materials Manufacturer PTE, Plaintiff, <br><br> v. <br><br> United States, <br><br><br> Defendant. | Court No. 22-00023 <br><br> Complaint |

# COMPLAINT

Plaintiff Jin Tiong Electrical Materials Manufacturer PTE, by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of *Aluminum Wire and Cable from the People's Republic of China* as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results *Federal Register* notice published at 86 Fed. Reg. 73,251 (December 27, 2021).

2. The United States Court of International Trade has exclusive jurisdiction

*Jin Tiong Electrical Materials Manufacturer PTE*
Court No 22-00023
February 21, 2022
Page 2

over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Jin Tiong Electrical Materials Manufacturer PTE is a Corporation.  Plaintiff Jin Tiong Electrical Materials Manufacturer PTE manufactured and exported Aluminum Wire and Cable to the United States.  Jin Tiong Electrical Materials Manufacturer PTE was an active participant in the Administrative Review.

4. Pursuant to 19 U.S.C. §1516a(2), plaintiff is an interested party as defined in 19 U.S.C. §1677(9)(A) as plaintiff was a party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on January 26, 2021, which was within thirty days after the date of the publication of the final results in the *Federal Register*. Plaintiff is filing this complaint on February 21, 2022, which is within thirty days from the date of the filing of the Summons in  accordance with Rule 6(a)and satisfies the timeliness requirement in

accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On February 4, 2021, pursuant to a request for review filed on December 30, 2021 by Repwire LLC, the Department initiated an Administrative Review of two entities – Jin Tiong Electrical Materials Manufacturer PTE and ICF Cable. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 86 Fed. Reg. 8166 (February 4, 2021).

8. The Department only designated two potential respondents, Jin Tiong Electrical Materials Manufacturer PTE and ICF Cable.

9. On July 15, 2021 the Department issued a questionnaire to Jin Tiong Electrical Materials Manufactuer PTE.

10. On July 28, 2021 the Department withdrew the questionnaire issued to Jin Tiong.

11. On July 30, 2021 Jin Tiong objected to the withdrawal of the questionnaire and requested that the Department reconsider this decision.

12. On August 5, 2021, prior to the Department acting on the request to reconsider, Jin Tiong filed its response to Section A of the Department's questionnaire.

13. On August 16, 2021, the Department refused to reconsider its withdrawal

*Jin Tiong Electrical Materials Manufacturer PTE*
Court No 22-00023
February 21, 2022
Page 4

of the questionnaire and rejected Jin Tiong's Section A response.

14.  On September 10, 2021, the Department published the preliminary results in the Federal Register at 86 Fed. Reg. 49306 (Sept. 2, 2021).

15.  On October 4, 2021, Jin Tiong and Repwire filed an Administrative Brief with the Department challenging the preliminary results.  Encore Wire Corporation and Southwire Company, LLC, on behalf of the domestic industry, filed rebuttal briefs on October 12, 2021.

16.  On December 20, 2021 the Department issued the final results and issued an issues and decisions memorandum in connection with such results.   The final results were published in the Federal Register on December 27, 2021 at 86 Fed. Reg. 73251.

## STANDARD OF REVIEW

17.   The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance

*Jin Tiong Electrical Materials Manufacturer PTE*
Court No 22-00023
February 21, 2022
Page 5

with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

18.   This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

19.   The allegations of paragraphs 1 through 18 are incorporated by reference and restated as if fully set forth herein

*Jin Tiong Electrical Materials Manufacturer PTE*
Court No 22-00023
February 21, 2022
Page 6

20. The Department's decision to withdraw the questionnaire and refusal to accept a response from Jin Tiong was unlawful.

Such decision is arbitrary and capricious and an abuse of discretion.

## COUNT TWO

21. The allegations of paragraphs 1 through 18 are incorporated by reference and restated as if fully set forth herein

22. The Department's decision to assign a rate based on adverse facts is not supported by the record. The Department's rejection of Jin Tiong's Section A response rendered the filing of Sections C and D of the Department's questionnaire futile. The Department cannot apply AFA where it created the absence of information on the record.

23. The Department's decision was an abuse of discretion and not supported by substantial evidence.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiff respectfully request that this Court enter judgment as follows:

1. Sustaining counts one and two of plaintiff's complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

*Jin Tiong Electrical Materials Manufacturer PTE*
Court No 22-00023
February 21, 2022
Page 7

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                Respectfully submitted,

                /s/ David J. Craven

                David J. Craven
                Counsel to Jin Tiong Electrical
                Materials Manufacturer PTE

Date: February 21, 2022        Craven Trade Law LLC
                                      3744 N Ashland
                                      Chicago, IL 60613
                                      (773) 709-8506
                                      dcraven@craventrade.com